
FILED
APR 1 1 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDANA BAUMAN,<br><br>                           Plaintiff,<br><br>v.<br><br>HARBOR VIEW HOME OWNERS ASSOCIATION; CASTLE BRECKENRIDGE MANAGEMENT PARTNERS; JOHN C. KALAS; MARQUIS HUNTSMAN; SHERI WHITE-NEWTON; VLADY DMYTRENKO; EPSTEIN GRINNELL & HOWELL, INC.; DEBORAH ZUMWALT; and ELISA M. PEREZ,<br><br>                           Defendants. | Case No.: 16cv2506-MMA (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**<br><br>**GRANTING MOTION TO FILE UNDER SEAL;**<br><br>**SUA SPONTE DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

      Plaintiff Jordana Bauman, proceeding *pro se*, has filed the instant action against Defendants Harbor View Home Owners Association, Castle Breckenridge Management Partners, John C. Kalas, Marquis Huntsman, Sheri White-Newton, Vlady Dmytrenko, Epstein Grinnell & Howell, Inc., Deborah Zumwalt, and Elisa M. Perez. *See* Doc. No. 1. Plaintiff also moves for leave to proceed in this action *in forma pauperis* ("IFP"), and moves to seal financial records and medical records that she attached to her motion to proceed IFP.

1

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Plaintiff's IFP application details her net monthly income and her monthly expenses. Based thereon, the Court concludes that Plaintiff should be allowed to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's submission demonstrates that she lacks the financial resources to pay the costs of commencing this action. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP, and, because of the sensitive nature of Plaintiff's medical and financial records, **GRANTS** Plaintiff's motion to seal. *See A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007).

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

### 1. Legal Standard

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's

2

16cv2506-MMA (JMA)

pleadings. *See id.* In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

### 2. *Analysis*

Plaintiff alleges causes of action for willful violations of a bankruptcy stay and a violation of the Civil Rights Act, 42 U.S.C. § 1983.[1]

#### i. Willful Violations of the Bankruptcy Stay

"Once a debtor files for bankruptcy, the Bankruptcy Code imposes an automatic stay prohibiting creditors from attempting to collect pre-petition debts against the debtor." *In re Dingley*, No. 14-60055, 2017 WL 1208454, at *1 (9th Cir. Apr. 3, 2017); 11 U.S.C. § 362; *In re Ozenne*, 337 B.R. 214, 218–19 (B.A.P. 9th Cir. 2006) ("The filing of a petition for bankruptcy relief automatically stays both the continuation of proceedings against the debtor and the commencement of any act to obtain possession of, or enforce a lien against, property of the debtor or of the estate."). The Bankruptcy Code also "creates a statutory remedy for individual debtors who are injured by a violation of the automatic stay." *See In re Bertuccio*, 414 B.R. 604, 611 (Bankr. N.D.

---

[1] Plaintiff includes a "cause of action" for "emotional distress," but upon review of Plaintiff's pleadings, the Court concludes that Plaintiff's "cause of action" is a request for emotional distress damages, and not a separate claim of liability. *See* Compl. ¶¶ 63–71.

3

Cal. 2008); *see* 11 U.S.C. § 362(k)(1). Section 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C.A. § 362(k)(1). "A party seeking damages for violation of the automatic stay must prove by a preponderance of the evidence that (1) a bankruptcy petition was filed; (2) the debtor is an individual; (3) the creditor received notice of the petition; (4) the creditor's actions were in willful violation of the stay; and (5) the debtor suffered damages." *See In re Bertuccio*, 414 B.R. at 611.

Plaintiff alleges she filed a Chapter 13 bankruptcy petition on July 5, 2011, which commenced an automatic bankruptcy stay pursuant to 11 U.S.C. § 362. Plaintiff states that the bankruptcy court erroneously dismissed her bankruptcy action on September 10, 2012. Thereafter, Plaintiff alleges she appealed the bankruptcy court's order of dismissal to the United States District Court for the Southern District of California. According to Plaintiff's pleadings, on August 30, 2013, the district court determined that the bankruptcy court had violated Plaintiff's statutory and constitutional due process rights by failing to afford her notice and a hearing prior to dismissing her Chapter 13 petition, and thus, the bankruptcy court's order dismissing her case was void. *See* Compl. Exh. D. The district court vacated the dismissal and remanded the case to the bankruptcy court for further proceedings. *See* Compl. Exh. D. Plaintiff contends Defendants violated the automatic bankruptcy stay in the interim by filing a lawsuit against her in December 2012 in which they sought to foreclose on her home.

Typically, an automatic stay terminates upon dismissal of a bankruptcy case, and while reinstatement of the bankruptcy case restores the automatic stay, it does not do so retroactively. *See* 11 U.S.C. § 362(c); *In re Sewell*, 345 B.R. 174, 179 (B.A.P. 9th Cir. 2006); *In re Williams*, No. A12-00620-GS, 2013 WL 1089262, at *2 (Bankr. D. Alaska Mar. 13, 2013) ("The reinstated stay . . . does not generally attach retroactively to void acts taken in the gap period between dismissal and reinstatement."). However, where a court finds that a prior order dismissing a bankruptcy case is "void for lack of due

4

process," a "stay [is deemed to have been] continuously in effect from the time of the filing of the petition." *See In re Krueger*, 88 B.R. 238, 241 (B.A.P. 9th Cir. 1988); *In re Slyman*, 234 F.3d 1081, 1087 (9th Cir. 2000); *In re Sillman*, No. 2:14-CV-00587-MCE, 2015 WL 1291427, at *4 (E.D. Cal. Mar. 20, 2015) ("As a legal nullity, the erroneous dismissal order did not terminate the automatic stay so as to terminate either the automatic stay or the debtor's legal rights.").

Here, the district court found the bankruptcy court's order of dismissal was void for lack of due process and vacated the order, meaning that the automatic stay continued to be in effect in December 2012 when Defendants allegedly filed a lawsuit against Plaintiff in state court. Accordingly, taking Plaintiff's allegations as true, the state court lawsuit violated the automatic stay. However, in order to state a claim for willful violation of the automatic stay, Plaintiff must plead facts alleging Defendants' willfulness. In order to constitute a willful violation, a defendant need not have "specific intent to violate the automatic stay." *See In re Sillman*, 2015 WL 1291427 at *4. Rather, a defendant need only know of the automatic stay and take intentional actions that violate the stay. *See id.*; *In re Campion*, 294 B.R. 313, 318 (9th Cir. BAP 2003). Even assuming that Defendants acted intentionally when filing the lawsuit, it cannot be said that any of the defendants *knew* of the automatic stay. After all, the bankruptcy court had dismissed Plaintiff's bankruptcy case and vacated the automatic stay. *See In re Townley*, 2011 WL 6934444, at *6 ("Upon dismissal of debtors' case, the automatic stay terminated by operation of law."). Thus, insofar as Plaintiff bases her claim for willful violation of the bankruptcy stay on any conduct occurring between the bankruptcy court's dismissal order and the district court's vacation of that order, Plaintiff fails to state a claim because such conduct cannot have been willful. Accordingly, the Court **DISMISSES** Plaintiff's claims arising out of conduct occurring during that time period **with prejudice** and **without leave to amend**.

The Court turns to Plaintiff's remaining allegations. After the district court vacated the bankruptcy court's dismissal order, Plaintiff alleges Defendants failed to

5

dismiss their lawsuit, which she alleges constitutes a willful violation of the bankruptcy stay. "A party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362(h)." *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002). Thus, in order to state a claim for willful violation, Plaintiff would have to allege that Defendants neither dismissed nor stayed the state litigation. However, Plaintiff's allegations are unclear and contradictory regarding the basic timing and facts underlying her claim. For example, Plaintiff makes the following allegations:

- "[T]hese defendants *refused* to stop their state law suit in September or October or November or December 2013." *See* Compl. ¶ 23.
- "[T]hese defendants refused to dismiss the state court action after August 31, 2013 for 3 weeks, and refused to dismiss the state court action for 3 months." *See* Compl. ¶ 24.
- "It is now 3 *years* later, after they knew the bankruptcy stay was in force in 2012 through 2016 and they *still* refuse to dismiss their state action now." *See* Compl. ¶ 24.

Accordingly, it is unclear whether, when, or if Defendants dismissed the state court action.

Further, as noted above, Defendants were not required to dismiss the lawsuit to avoid liability for willful violation of the bankruptcy stay so long as they stayed the action. Plaintiff does not allege Defendants did not stay the action. In fact, as part of her Complaint, Plaintiff provides a list of the docket entries in the state court action as of August 8, 2016, which includes a docket entry dated April 16, 2013 and titled "Notice of Stay of Proceedings (Participant) filed by Harbor View Villa Homeowners Association." *See* Compl. Exh. B. Thus, Plaintiff's pleadings indicate that the state court action was stayed prior to the district court's August 2013 order. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[Courts] are not required to accept as true

conclusory allegations which are contradicted by documents referred to in the complaint.").

Plaintiff's remaining allegations are likewise insufficient, and fail to put Defendants on notice of her claims and their grounds. Federal Rule of Civil Procedure 8(d) requires that plaintiffs file "simple, concise, and direct" pleadings. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1981). Pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff alleges her bankruptcy case was erroneously dismissed a second time, on January 9, 2014, and that the order of dismissal was void "because the bankruptcy judge had no power to dismiss the case until it first obeyed the BAP appeals court Order." *See* Compl. ¶ 39. Thus, Plaintiff claims, the automatic stay was continuously in effect and remains so presently. Plaintiff alleges Defendants "have refused again to dismiss the state law suit after debtor's brother sent a letter to them on September 19, 2016 notifying them that they may be liable personally for all these contempt charges." *See* Compl. ¶ 45. Further, Plaintiff states that she filed another Chapter 13 bankruptcy petition on January 25, 2016, but Defendants "still refused to dismiss the state law suit." *See* Compl. ¶ 48. Plaintiff also alleges "these defendants took action to retaliate against the debtor to push her out of her home" by "disconnect[ing] her water and sewer facilities" at various times in 2011, 2013, and 2016, which she alleges constitutes willful violation of a bankruptcy stay. *See* Compl. ¶¶ 47, 48. Plaintiff seeks "an award of damages against each defendant for all of 2104 [sic] and all of 2015 and all of 2016." *See* Compl. ¶ 45.

However, it is unclear what "the BAP appeals court Order" required, as Plaintiff does not describe any appeal to the Bankruptcy Appellate Panel or include a copy of that order. Further, Plaintiff does not allege that any court found that the bankruptcy court's 2014 order of dismissal was void, and thus, Plaintiff's does not plausibly allege that the bankruptcy stay triggered by Plaintiff's bankruptcy petition filed in 2011 continued after it was dismissed in January 2014. Also, again, Defendants were not necessarily required

7

to dismiss the litigation if the litigation was stayed. According to the state court docket entries, the case appears to have been stayed off and on over its course. Thus, it is unclear whether and when any automatic stay was in effect and whether and when the state court action was stayed.

Without further clarity, the Court cannot determine whether this action is "frivolous, malicious, [or fails] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also Gonzales v. Cate*, No. 2:11-CV-3196 GEB EFB, 2012 WL 3205359, at *2 (E.D. Cal. Aug. 2, 2012) ("As drafted, the complaint is so prolix and convoluted that the court cannot reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8."). While the Court construes Plaintiff's Complaint liberally, the court may not "supply essential elements of claims that were not initially pled." *See Ivey*, 673 F.2d at 268.

Lastly, regarding the Complaint generally, it does not satisfy Rule 8 for Plaintiff to lump her allegations against all nine defendants together. *See Gonzales*, 2012 WL 3205359 at *2 (stating that where a complaint repeatedly referred generally to "defendants," it failed to provide the defendants with fair notice of the plaintiff's claims); *Allen v. Howard*, No. 115CV001283BAMPC, 2016 WL 6217044, at *2 (E.D. Cal. Oct. 24, 2016) ("A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2)."). Plaintiff alleges all of the defendants are liable for all causes of action, but fails to delineate any specific conduct by any individual defendant, which does not suffice to provide each defendant with notice of the claims against them. Also, the cover page of the state court complaint that Plaintiff includes with her Complaint lists only Harbor View Villa Homeowners Association as the plaintiff, contradicting Plaintiff's allegations that all of the defendants commenced the litigation. "Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct . . . are insufficient to show that plaintiff is entitled to relief from any *individual* defendant." *See Sanchez v. Riverside Cty. Code*

*Enf't Agency*, No. EDCV 15-2493 SJO(JC), 2016 WL 6810798, at *3 (C.D. Cal. Oct. 19, 2016), *report and recommendation adopted*, No. EDCV 15-2493 SJO(JC), 2016 WL 6808130 (C.D. Cal. Nov. 15, 2016).

Accordingly, Plaintiff's remaining claims for willful violations of the bankruptcy stay do not survive screening as currently pleaded, and the Court **DISMISSES** those claims **without prejudice**, and **with leave to amend**.

### A. 42 U.S.C. Section 1983

Section 1983 creates a means for redressing violations of substantive rights created by the United States Constitution or federal statutes. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). It states, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257 (1978)). To state a claim under section 1983, a plaintiff must allege (1) he or she was deprived of a right secured by the United States Constitution or federal laws, and (2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)).

In limited circumstances, private citizens may be liable as private persons under section 1983 so long as "the conduct allegedly causing the deprivation . . . [is] fairly attributable to the State." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action.").

"Courts have used four different factors or tests to identify what constitutes [government action]: (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Sutton*, 192 F.3d at 835–36. However, regardless of those factors or tests, "contemporary decisions stress the necessity of a *close nexus* between the state and the challenged conduct rather than application of a mechanistic formula," and all cases should be decided based on their particular facts. *See id.* at 836 (internal alteration omitted).

Here, Plaintiff alleges that "because all the defendants used a state instrument and state actors including a state judge, to further this scheme of fraudulent claims and emotional distress, they have also violated the civil rights of the victim and their acts were done under color of state law." *See* Compl. ¶ 73. Accordingly, Plaintiff invokes the "joint action" theory of private liability, which requires that the private party defendant be "a willful participant in joint action with the State." *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). "A private person is liable under this theory, however, only if the particular actions challenged are inextricably intertwined with those of the government." *See Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 503–04 (9th Cir. 1996). Plaintiff fails to describe how any of the defendants acted in concert with the state court judge or any other state actors. Plaintiff merely alleges that the defendants commenced litigation in state court. But, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *See Hansen v. Permanente Med. Grp., Inc.*, 166 F. App'x 907, 908 (9th Cir. 2006) (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)); *see Lugar*, 457 U.S. at 956, n.21 ("[W]e do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law."); *see Carlson v. Roetzel & Andress*, 552 F.3d

648, 651 (8th Cir. 2008). Thus, Plaintiff's sole reliance on the invocation of legal proceedings does not suffice.[2]

Accordingly, even construing Plaintiff's allegations liberally, Plaintiff fails to allege joint action. Even when disregarding the traditional factors or tests, the Court finds Plaintiff fails to allege facts illustrating a *close nexus*—or any nexus—between the state and challenged conduct such that any of the defendants' conduct could be fairly attributed to the state. Because "it is absolutely clear that the deficiencies of the [claim] could not be cured by amendment," the Court **DISMISSES** Plaintiff's section 1983 claim **with prejudice** and **without leave to amend**. *See Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984).

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's motion to proceed IFP;
2. **GRANTS** Plaintiff's motion to file under seal;
3. **DISMISSES** Plaintiff's claims for willful violation of a bankruptcy stay, as set forth above; and
4. **DISMISSES** Plaintiff's section 1983 claims, as set forth above.

The Court further **ORDERS** that Plaintiff file a First Amended Complaint, if any, on or before **May 26, 2017**. If Plaintiff wishes to file a First Amended Complaint, Plaintiff may not reallege claims that have been dismissed with prejudice. Any Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L.R. 15.1(a). **IT IS SO ORDERED.**

DATE: April 10, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiff does not, for example, allege this is a case involving prejudgment attachment, *see Lugar*, 457 U.S. at 939, n.21, or a conspiracy with and bribery of a state court judge, *see Dennis*, 449 U.S. at 28.